UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTINE A. SEAVERS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　Defendant. | Case No. 1:20-CV-358 JD |

**OPINION AND ORDER**

　　The Plaintiff, Christine Seavers, has moved through counsel for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (DE 36.) The Court previously remanded this social security appeal to the Commissioner for further proceedings on Ms. Seaver's claim for benefits. (DE 31). The Court also previously awarded attorneys' fees under the Equal Access to Justice Act in the amount of $2,794.50. (DE 35.) On remand, the Commissioner made a fully favorable decision on Ms. Seaver's claim, including an award of past due benefits totaling $60,292.10. (DE 37-2, 37-3.) According to the fee agreement executed with counsel, Ms. Seavers agreed to pay her counsel 25% of all past-due benefits to represent her before the United States District Court. (DE 37-1). Pursuant to this agreement, her counsel now seeks an award of $15,073.02 from past due benefits. Also pursuant to this agreement, Ms. Seavers counsel will refund to her the $2,794.50 EAJA fee award. For the reasons stated herein the motion will be granted.

　　Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they

must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Commissioner has indicated she takes no position on the proposed fee award. (DE 39.) The Court independently finds that this award is reasonable and that it reflects an hourly rate of $1,553.91 per hour, for 9.7 hours of attorney work, which is within the range of other awards approved by this Court. *See e.g. Long v. Saul*, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (collecting cases) (approving an award of $1,711.96 per attorney hour).[1]

Accordingly, the Court GRANTS the Plaintiff's Motion for Authorization of Attorney Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b) (DE 36) and AWARDS attorney

---

[1] The Court notes counsel's suggested rate of $765.13 per hour inappropriately groups staff work, and attorney work together. The standard practice of this Court is to consider hours worked by staff at a rate of 50% of the rate assigned to attorney work. *See Sigsbee v. Comm'r of Soc. Sec.*, No. 3:19-CV-913, DE 25 (N.D. Ind. Sept. 16, 2022). The issue is moot in this case because the hourly fee rate is in line with prior awards, even when only considering attorney hours.

fees under 42 U.S.C. § 406(b) in the gross amount of $15,073.02. Counsel shall refund their prior award of $2,794.50 in EAJA fees to Ms. Seavers. The Commissioner is ordered to disperse to Plaintiff's counsel of record, the sum of $15,073.02 from the amount of Plaintiff's past-due benefits[2] in satisfaction of the §406(b) fee award, all in accordance with agency policy after payment of any fee that may be due pursuant to the Social Security Act, 42 U.S.C. § 406(a).

SO ORDERED.

ENTERED: November 15, 2023

/s/ JON E. DEGUILIO  
Judge  
United States District Court

---

[2] The Court notes this was the terminology specifically requested by the Commissioner given it seems less than 25% of the past due benefits was withheld by the Administration. (DE 39 at 3.) The dispute between counsel about whether a sufficient amount of the award was withheld or not, and who was responsible for any such error, seems immaterial to the Court's order determining what 406(b) fee amount is reasonable. It is the Court's understanding that there is a procedural remedy with the Administration in the case of a failure to withhold past-due benefits. *See* POMS GN 03920.055, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0203920055 (November 9, 2023). Moreover, the request by Plaintiff's counsel to instruct the award be specifically paid from "withholdings by the agency" seems inappropriate as counsel also alleges only $7,200 was actually withheld. Thus, an order for a payment to be from the "withholding by the agency" which exceeds the funds actually withheld seems illogical. The Court would also note it is permissible under the law for a counsel to retain EAJA fees already distributed in partial satisfaction of a 406(b) award. While Plaintiff's counsel has not requested such a "netting" of fees, should there be difficulty in obtaining their full fee award this practice might offer some relief and the Court can modify this order accordingly. To the extent the Court has misapprehended the issue, or a subsequent order will be needed to ensure payment of fees, the parties remain free to file a relevant motion before the Court. The Court's only direction is that prior to filing any such motion, the parties meet and confer to make a good faith effort at resolving any payment issue.